**Onis Grover LOGAN, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70–C–54–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Sept. 18, 1970.

Vann H. Lefcoe, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case is before the court on a petition for a writ of habeas corpus filed *in forma pauperis* pursuant to 28 U.S.C. § 2241(c) (3).

On November 13, 1968 in the Circuit Court of Pittsylvania County the petitioner was convicted of first degree murder. He was represented by an attorney and was tried by a jury after a plea of not guilty. After the guilty verdict, a sentence of life imprisonment was imposed. The conviction was appealed to the Supreme Court of Appeals of Virginia which denied a writ of error on April 29, 1969.

Petitioner asks that the murder conviction be set aside on the following grounds:

1) that the evidence was insufficient to support the conviction;

2) that he was placed in double jeopardy because evidence of a crime against another person was admitted into evidence even though he had previously pleaded guilty to this other crime;

3) that he received ineffective assistance of counsel because his counsel failed to object to the evidence mentioned above and failed to properly effect an appeal to the Supreme Court of Appeals; and

4) that the Circuit Court of Pittsylvania County denied him due process of law when it refused to grant a plenary hearing to consider the allegations in his petition for a writ of habeas corpus.

The first three of these allegations have been presented to the Circuit Court of Pittsylvania County which denied a writ without a hearing on December 16, 1969. All four contentions were apparently raised on appeal to the Supreme Court of Appeals of Virginia which denied relief on June 16, 1969. Therefore, the petitioner has exhausted his state remedies and met the requirement of 28 U.S.C. § 2254.

■ The sufficiency of evidence to support a conviction is not normally an issue cognizable in federal habeas corpus proceedings. For relief to be granted it must appear that there is such a paucity of evidence that the conviction resting upon it must be considered a denial of due process of law. *Cf.* Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). That situation is not presented in this case and the first contention is without merit.

■ At the trial in question, evidence of the defendant's malicious wounding of one Jesse Davis was admitted. The defendant previously had pleaded guilty to the indictment for this crime and he contends that admission of this evidence placed him twice in jeopardy for the same offense. It appears that the petitioner's girlfriend, the decedent, had been riding with Jesse Davis and some other men. When they returned to the girl's house, Logan shot Davis, who was sitting next to the decedent, in the hand. Some of the shotgun pellets apparently hit Logan's girlfriend. She got out of the car and the men drove away. After the car was out of sight, Logan shot the girl. The defendant claimed that he had shot Davis because he thought the latter was reaching for a gun and that the shooting of the decedent was accidental. The evidence of the Davis shooting was relevant to the defendant's motive and state of mind at the time of the shooting of the decedent. It could have been inferred that the petitioner meant to shoot both Davis and his girlfriend when he shot in the car. At least it tends to show his disregard of the consequences. It was a proper element of proof and was not admitted solely to prejudice the defendant before the jury. The petitioner was not twice placed in jeopardy.

■ The third contention of ineffective assistance of counsel is likewise without merit. Counsel's failure to object to the evidence discussed above is no cause for complaint because the evidence was properly admissible. Petition-

er's allegation that his counsel failed to comply with the Virginia rules for appeal is mistaken. It clearly appears that the petition for a writ of error was filed on March 11, 1969, that the court considered it but refused to grant a writ of error on April 29, 1969. The failure of that court to grant a writ of error does not mean that counsel did not comply with the appropriate rules. Although a convicted defendant in Virginia has the absolute right to submit a petition for a writ of error, the question whether a writ of error is to be granted is discretionary with the Supreme Court of Appeals of Virginia. Furthermore, a reading of the trial transcript demonstrates conclusively that petitioner's attorney conducted a vigorous defense in his behalf.

■ Finally, the petitioner was not denied due process of law when the Circuit Court of Pittsylvania County refused to hold a plenary hearing. In the first place, such a contention does not challenge the legality of petitioner's current detention, which is the issue before this court. Secondly, this court has also found a hearing to be unnecessary because of the lack of merit to petitioner's contentions.

In view of the foregoing discussion, the petition for a writ of habeas corpus is dismissed and the relief is denied.

If the petitioner wishes to appeal this judgment or any part thereof, he must file within 30 days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice shall state the following:

1) the party or parties taking the appeal;

2) the judgment, order or part thereof appealed from; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.

The clerk is directed to send certified copies of this opinion and judgment to the petitioner and to the respondent.